UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                                    CASE ACTION NO: 3:19-CV-134-RGJ
                                                                    *Electronically filed*

FIFTEEN THOUSAND EIGHT HUNDRED
SIXTY-TWO DOLLARS ($15,862.00) IN
UNITED STATES CURRENCY; AND

FIVE THOUSAND TWO HUNDRED
SIXTY DOLLARS ($5,260.00) IN
UNITED STATES CURRENCY.                                                    DEFENDANTS

**VERIFIED COMPLAINT
FOR FORFEITURE IN REM**

The United States of America, by counsel, Russell M. Coleman, United States Attorney for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Fifteen Thousand Eight Hundred Sixty-Two Dollars ($15,862.00) in United States Currency and Five Thousand Two Hundred Sixty Dollars ($5,260.00) in United States Currency.

**JURISDICTION AND VENUE**

2.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5. The defendant is: Fifteen Thousand Eight Hundred Sixty-Two Dollars ($15,862.00) in United States Currency and Five Thousand Two Hundred Sixty Dollars ($5,260.00) in United States Currency. Officers with the Louisville Metro Police Department seized this property from Howard D. Rice on or about October 18, 2018. The Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against this property, during which Andria O'Neal and Howard D. Rice filed the only claims (received by DEA on or about November 27, 2018). The defendant property is currently in the custody of the United States Marshals Service.

## THE LAW

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act (21 U.S.C. §§ 841 and 846); 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## SUMMARY OF RELEVANT FACTS

7.      The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of DEA Special Agent Jennifer Traud, which is attached hereto as Exhibit "A", and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

8.      The defendant property is money furnished or intended to be furnished in exchange for a controlled substance (or traceable thereto) and/or represents money used or intended to be used to facilitate a violation of the Controlled Substance Act. Consequently, the defendant property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the plaintiff respectfully requests:

1. that the Court issue a warrant for the arrest and seizure of the defendant property;

2. that notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. that the defendant property be forfeited and condemned to the United States of America;

4. that the plaintiff be awarded its costs and disbursements in this action; and

5. for such other and further relief as this court deems proper and just.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

s/*Amy M. Sullivan*
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
amy.sullivan@usdoj.gov

## **VERIFICATION**

I, Jennifer Traud, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
SA Jennifer Traud, DEA

Dated: 2-22-19

Subscribed and sworn to before me this 22nd day of February, 2019.

_____
Notary Public
My Commission expires: 11/29/2022

## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Jennifer M. Traud, having been duly sworn, dispose and state:

1. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. Affiant has been employed by the Drug Enforcement Administration (DEA) as a Special Agent (SA) since 2004. Affiant is currently assigned to the Louisville District Office (LDO). In connection with my official DEA duties, I investigate criminal violations of state and federal narcotics laws, including, but not limited to violations of Title 21, United States Code, Sections 841, 843, 846 and 848. Affiant has received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. Affiant has testified in judicial proceedings and prosecutions for violations of controlled substance laws. Affiant also has been involved in various types of wire surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking.

3. Affiant has received training in investigations and has participated in investigations involving the interception of wire communication devices. Affiant is familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions. Affiant is familiar with, and has participated in all the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers and undercover operations. Through my training and experience as a Special Agent, and through contacts with other agencies, I know:

A. That it is common for the drug traffickers to hide illegal drugs, drug paraphernalia, contraband, proceeds of drug sales, and records of Drug transactions in secure locations within their residence, stash locations, and/or their business to conceal them from Law enforcement authorities.

B. That drug traffickers commonly have in their possession (including their residences, stash locations, and/or their business) books, records, computers, computer disks and papers containing records of sales, and papers containing names address and telephone numbers. Those records are used to keep track of quantities of drugs sold and the amounts collected or owed.

C. That persons involved in the sale of illegal controlled substances commonly have in their possession (including their residences, stash locations, and/or their business), firearms,

1

including but not limited to, handguns, rifles, shotguns and other weapons. That said firearms are often taken in trade for drugs and used to protect and secure the person's property, which may include, but not limited to, drugs, jewelry, drug paraphernalia, books, records and United States currency.

D. That persons involved in the sale of illegal controlled substances commonly utilize multiple vehicles to facilitate narcotics trafficking. Through training and experience, affiant knows that it is also common for traffickers to utilize multiple vehicles (types, colors, styles) to traffic in narcotics. This also includes the use of rental vehicles, to mitigate the financial loss if they flee and to keep law enforcement from seizing their personally owned vehicles.

As set forth more fully below, based upon information provided to me and/or first hand knowledge, Affiant states there is reasonable and probable grounds to believe that money seized from the residence of Howard RICE and the rental vehicle operated by RICE constitutes proceeds traceable to narcotics trafficking and/or intended for narcotics trafficking.

## Facts of the Case

4. At approximately 1230 hours, on October 17, 2018 surveillance was established in the area of RICE's condo located on Lennox View Court. At approximately 1449 hours, TFO King observed RICE exit the common door of the condos on Lennox View Court (exact address omitted) carrying a white trash bag with black drawstrings. RICE took the bag and placed it in the dumpster located on the parking lot as observed by TFO King. RICE then got into a 2019 KIA Optima bearing IL License plate (number omitted), and departed the area. Upon RICE's departure, TFO King proceeded to the dumpster and retrieved the trash bag placed in the dumpster by RICE. A search of the trash revealed three (3) pieces of a "foodsaver" vacuum seal bag which had been cut open and a single sandwich baggie with the corner removed.

5. TFO Collin King applied for and was granted a state search warrant by Jefferson County District Court, signed on October 17, 2018 at 2013 hours.On October 18, 2018, at approximately 8:30am, members of the LDO established surveillance in the vicinity of the condos on Lennox View Court.

6. At approximately 12:33pm, SA Jennifer M. Traud observed a black mustang (bearing Kentucky license plate (number omitted) and registered to Bridget Ray of a residence on Thousand Oaks Drive, Louisville, KY)), arrive and park near the condos on Lennox View Court. Moments later, a black male exited the mustang and walked into the common door of the condos on Lennox View Court.

7. At approximately 12:50pm, TFO Collin King, observed the black male and RICE exit the common door of the condos on Lennox View Court. TFO King observed RICE carrying a small bag and walk to a red Dodge Ram and place the bag inside the truck. RICE then walked across to the mustang and talked to the black male. At approximately 1:00pm, SA Traud observed the black male enter the black mustang and depart. RICE then entered the blue KIA and drove over to the vicinity of the club house and parked. Moments later RICE exited the vehicle.

8. At approximately 1:10pm, TFO King, Daniel Evans and Thomas Bowling approached RICE. At approximately 1:30pm members of the LDO executed the search warrant. There were no individuals located inside the residence, TFO Wes Parks utilized K-9 Maya to conduct an open air sniff for the presence of narcotics. During this time K-9 Maya alerted to several locations inside the residence.

9. Members of the LDO began a search of the residence, during the search the following items were seized:

    -A bag of marijuana was located in the bedroom by TFO King.

    -A Walther Model #PP Serial #756098 and magazine (This was given to LMPD Crime Scene Unit for DNA testing and fingerprints and then will be placed into LMPD property room for safekeeping).

    -Two bags of marijuana found in the kitchen by TFO Evans.

    -Two bags of marijuana found in the red dodge pickup truck by TFO Wes Parks placed in there by RICE as observed by TFO King.

    -Digital scales found in the kitchen by TFO Evans.

    -Money located in the master bedroom closet, found by TFO Parks and inside the dryer found by TFO Noble.

    -Money located inside RICE's Vehicle parked outside of the condos on Lennox View Court found by TFO Bowling.

    -One bottle of Promethazin found in the Kitchen by TFO Evans.

    -A bag of orange pills packaged in small baggies found in the bedroom by TFO Vaughn.

-One bottle of unknown prescription pills found in the Dodge pickup truck by TFO Parks.

-One bottle of unknown prescription pills found in the Dodge pickup truck by TFO Parks.

\*\*Lab results are currently pending as to the proper identity of the pills (approximately 150) taken from the search warrant, but they are suspected to be opioids.

10. Howard D. Rice's felony convictions include but are not limited to: Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 13CR001337; Possession of a Firearm by a Convicted Felon in Jefferson Circuit Court Case No. 11CR001760; Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 10CR002934; Tampering with Physical Evidence in Jefferson Circuit Court Case No. 02CR002618; Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 94CR001478. For the instant case, Rice was indicted for drug trafficking and possession of a firearm by a convicted felon in Jefferson Circuit Court, Case No. 19-CR000159 and these charges remain pending as of the date of this affidavit. Andria O'Neal does not appear to have a criminal history. Investigators are unaware of O'Neal's employment status.

11. Rice advised agents/officers that he owned a cellular phone store at 4th Street and Oak Street in Louisville, KY, but had just closed it and was in the process of attempting to open another store.

12. Agents/officers located and seized U.S. Currency from a Chase Bank money bag that was hidden in a coat pocket found hanging in the master bedroom closet. Agents/officers also located and seized U.S. Currency from a plastic Kroger bag found in the clothes dryer in the laundry room. Both sums of U.S. Currency were taken to Loomis for an official count. The total amount of this currency is $15,862.00. In a post-Miranda statement, Rice advised agents/officers that the money found in his dryer was his savings and the money found inside the jacket pocket in the closet of the bedroom was money that he had taken from his business account when he closed his store.

13. Rice stated he owned a cellular phone store on the corner of 4th and Oak Streets in Louisville, KY, but was in the process of closing that store and opening a new one on Bardstown Road. Rice admitted that he would occasionally sell pills and marijuana, but that he mostly used pills and marijuana for personal use. Rice is the only person who resides at this residence.

14. Agents/officers also searched the 2019 Kia Optima that agents/officers had observed Rice driving the day prior to the execution of the search warrant. Prior to the execution of the search warrant, agents/officers had conducted surveillance on Rice as he departed his residence driving the Kia Optima. After that occurred, agents/officers approached Rice and detained him while they prepared, and subsequently executed, the state search warrant at his residence. This vehicle is a rental vehicle that was rented in the name of Andria O'Neal, with a residence on Victory Court, in Clarksville, Indiana.

Agents/officers located and seized U.S. Currency from the center console of this vehicle. The U.S. Currency was subsequently taken to Loomis for an official count. The total amount of this currency is $5,260.00.

15. RICE stated the money seized was savings and as a result of money taken from the sale of his cellular phone store, however, RICE still utilized banks for the storage of some money as a result of debit cards he had on his person, further leading to the probable cause that the money seized during the execution of the search warrant was drug proceeds.

## Conclusion

There is probable cause to believe that the defendant property listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking (both facilitating and proceeds thereof). Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

AFFIANT FURTHER SAYETH NOT

_____
Special Agent Jennifer Traud
Drug Enforcement Administration

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                                                                                                PLAINTIFF

V.                                                    CASE ACTION NO: _____
                                                                                                            *Electronically filed*

FIFTEEN THOUSAND EIGHT HUNDRED
SIXTY-TWO DOLLARS ($15,862.00) IN
UNITED STATES CURRENCY; AND

FIVE THOUSAND TWO HUNDRED
SIXTY DOLLARS ($5,260.00) IN
UNITED STATES CURRENCY.                                                DEFENDANTS

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:    THE UNITED STATES MARSHALS SERVICE
         AND/OR ANY OTHER DULY AUTHORIZED LAW
         ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the 22nd day of February, 2019, alleging that the defendant property is subject to seizure and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem*, there is probable cause to believe that the defendant property so described therein constitutes property that is subject to forfeiture for such violations, and that grounds for issuance of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, and to take the defendant property into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.   This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M. Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:   United States Attorney (AMS) - two certified copies of order and
      two certified copies of the Verified Complaint

✎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❒ 1 U.S. Government Plaintiff
- ❒ 2 U.S. Government Defendant
- ❒ 3 Federal Question (U.S. Government Not a Party)
- ❒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| ❒ 110 Insurance | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | | | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | **PERSONAL PROPERTY** | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 370 Other Fraud | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| | | ❒ 371 Truth in Lending | ❒ 690 Other | | ❒ 490 Cable/Sat TV |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❒ 810 Selective Service |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 385 Property Damage Product Liability | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 190 Other Contract | | | | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal Injury | | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 893 Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | **Habeas Corpus:** | ❒ 791 Empl. Ret. Inc. Security Act | | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | | ❒ 530 General | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | | | |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | | | ❒ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | ❒ 550 Civil Rights | | | |
| | ❒ 446 Amer. w/Disabilities - Other | ❒ 555 Prison Condition | | | ❒ 950 Constitutionality of State Statutes |
| | ❒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district (specify)
- ❒ 6 Multidistrict Litigation
- ❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:          U.S. Civil Statute: 47 USC 553
                                                                                   Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.