## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Jennifer M. Traud, having been duly sworn, dispose and state:

1. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. Affiant has been employed by the Drug Enforcement Administration (DEA) as a Special Agent (SA) since 2004. Affiant is currently assigned to the Louisville District Office (LDO). In connection with my official DEA duties, I investigate criminal violations of state and federal narcotics laws, including, but not limited to violations of Title 21, United States Code, Sections 841, 843, 846 and 848. Affiant has received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. Affiant has testified in judicial proceedings and prosecutions for violations of controlled substance laws. Affiant also has been involved in various types of wire surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking.

3. Affiant has received training in investigations and has participated in investigations involving the interception of wire communication devices. Affiant is familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions. Affiant is familiar with, and has participated in all the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers and undercover operations. Through my training and experience as a Special Agent, and through contacts with other agencies, I know:

A. That it is common for the drug traffickers to hide illegal drugs, drug paraphernalia, contraband, proceeds of drug sales, and records of Drug transactions in secure locations within their residence, stash locations, and/or their business to conceal them from Law enforcement authorities.

B. That drug traffickers commonly have in their possession (including their residences, stash locations, and/or their business) books, records, computers, computer disks and papers containing records of sales, and papers containing names address and telephone numbers. Those records are used to keep track of quantities of drugs sold and the amounts collected or owed.

C. That persons involved in the sale of illegal controlled substances commonly have in their possession (including their residences, stash locations, and/or their business), firearms,

1

including but not limited to, handguns, rifles, shotguns and other weapons. That said firearms are often taken in trade for drugs and used to protect and secure the person's property, which may include, but not limited to, drugs, jewelry, drug paraphernalia, books, records and United States currency.

D. That persons involved in the sale of illegal controlled substances commonly utilize multiple vehicles to facilitate narcotics trafficking. Through training and experience, affiant knows that it is also common for traffickers to utilize multiple vehicles (types, colors, styles) to traffic in narcotics. This also includes the use of rental vehicles, to mitigate the financial loss if they flee and to keep law enforcement from seizing their personally owned vehicles.

As set forth more fully below, based upon information provided to me and/or first hand knowledge, Affiant states there is reasonable and probable grounds to believe that money seized from the residence of Howard RICE and the rental vehicle operated by RICE constitutes proceeds traceable to narcotics trafficking and/or intended for narcotics trafficking.

## Facts of the Case

4. At approximately 1230 hours, on October 17, 2018 surveillance was established in the area of RICE's condo located on Lennox View Court. At approximately 1449 hours, TFO King observed RICE exit the common door of the condos on Lennox View Court (exact address omitted) carrying a white trash bag with black drawstrings. RICE took the bag and placed it in the dumpster located on the parking lot as observed by TFO King. RICE then got into a 2019 KIA Optima bearing IL License plate (number omitted), and departed the area. Upon RICE's departure, TFO King proceeded to the dumpster and retrieved the trash bag placed in the dumpster by RICE. A search of the trash revealed three (3) pieces of a "foodsaver" vacuum seal bag which had been cut open and a single sandwich baggie with the corner removed.

5. TFO Collin King applied for and was granted a state search warrant by Jefferson County District Court, signed on October 17, 2018 at 2013 hours. On October 18, 2018, at approximately 8:30am, members of the LDO established surveillance in the vicinity of the condos on Lennox View Court.

6. At approximately 12:33pm, SA Jennifer M. Traud observed a black mustang (bearing Kentucky license plate (number omitted) and registered to Bridget Ray of a residence on Thousand Oaks Drive, Louisville, KY)), arrive and park near the condos on Lennox View Court. Moments later, a black male exited the mustang and walked into the common door of the condos on Lennox View Court.

7. At approximately 12:50pm, TFO Collin King, observed the black male and RICE exit the common door of the condos on Lennox View Court. TFO King observed RICE carrying a small bag and walk to a red Dodge Ram and place the bag inside the truck. RICE then walked across to the mustang and talked to the black male. At approximately 1:00pm, SA Traud observed the black male enter the black mustang and depart. RICE then entered the blue KIA and drove over to the vicinity of the club house and parked. Moments later RICE exited the vehicle.

8. At approximately 1:10pm, TFO King, Daniel Evans and Thomas Bowling approached RICE. At approximately 1:30pm members of the LDO executed the search warrant. There were no individuals located inside the residence, TFO Wes Parks utilized K-9 Maya to conduct an open air sniff for the presence of narcotics. During this time K-9 Maya alerted to several locations inside the residence.

9. Members of the LDO began a search of the residence, during the search the following items were seized:

    -A bag of marijuana was located in the bedroom by TFO King.

    -A Walther Model #PP Serial #756098 and magazine (This was given to LMPD Crime Scene Unit for DNA testing and fingerprints and then will be placed into LMPD property room for safekeeping).

    -Two bags of marijuana found in the kitchen by TFO Evans.

    -Two bags of marijuana found in the red dodge pickup truck by TFO Wes Parks placed in there by RICE as observed by TFO King.

    -Digital scales found in the kitchen by TFO Evans.

    -Money located in the master bedroom closet, found by TFO Parks and inside the dryer found by TFO Noble.

    -Money located inside RICE's Vehicle parked outside of the condos on Lennox View Court found by TFO Bowling.

    -One bottle of Promethazin found in the Kitchen by TFO Evans.

    -A bag of orange pills packaged in small baggies found in the bedroom by TFO Vaughn.

3

-One bottle of unknown prescription pills found in the Dodge pickup truck by TFO Parks.

-One bottle of unknown prescription pills found in the Dodge pickup truck by TFO Parks.

**Lab results are currently pending as to the proper identity of the pills (approximately 150) taken from the search warrant, but they are suspected to be opioids.

10. Howard D. Rice's felony convictions include but are not limited to: Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 13CR001337; Possession of a Firearm by a Convicted Felon in Jefferson Circuit Court Case No. 11CR001760; Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 10CR002934; Tampering with Physical Evidence in Jefferson Circuit Court Case No. 02CR002618; Trafficking in Controlled Substance in Jefferson Circuit Court Case No. 94CR001478. For the instant case, Rice was indicted for drug trafficking and possession of a firearm by a convicted felon in Jefferson Circuit Court, Case No. 19-CR000159 and these charges remain pending as of the date of this affidavit. Andria O'Neal does not appear to have a criminal history. Investigators are unaware of O'Neal's employment status.

11. Rice advised agents/officers that he owned a cellular phone store at 4th Street and Oak Street in Louisville, KY, but had just closed it and was in the process of attempting to open another store.

12. Agents/officers located and seized U.S. Currency from a Chase Bank money bag that was hidden in a coat pocket found hanging in the master bedroom closet. Agents/officers also located and seized U.S. Currency from a plastic Kroger bag found in the clothes dryer in the laundry room. Both sums of U.S. Currency were taken to Loomis for an official count. The total amount of this currency is $15,862.00. In a post-Miranda statement, Rice advised agents/officers that the money found in his dryer was his savings and the money found inside the jacket pocket in the closet of the bedroom was money that he had taken from his business account when he closed his store.

13. Rice stated he owned a cellular phone store on the corner of 4th and Oak Streets in Louisville, KY, but was in the process of closing that store and opening a new one on Bardstown Road. Rice admitted that he would occasionally sell pills and marijuana, but that he mostly used pills and marijuana for personal use. Rice is the only person who resides at this residence.

14. Agents/officers also searched the 2019 Kia Optima that agents/officers had observed Rice driving the day prior to the execution of the search warrant. Prior to the execution of the search warrant, agents/officers had conducted surveillance on Rice as he departed his residence driving the Kia Optima. After that occurred, agents/officers approached Rice and detained him while they prepared, and subsequently executed, the state search warrant at his residence. This vehicle is a rental vehicle that was rented in the name of Andria O'Neal, with a residence on Victory Court, in Clarksville, Indiana.

Agents/officers located and seized U.S. Currency from the center console of this vehicle. The U.S. Currency was subsequently taken to Loomis for an official count. The total amount of this currency is $5,260.00.

15. RICE stated the money seized was savings and as a result of money taken from the sale of his cellular phone store, however, RICE still utilized banks for the storage of some money as a result of debit cards he had on his person, further leading to the probable cause that the money seized during the execution of the search warrant was drug proceeds.

## Conclusion

There is probable cause to believe that the defendant property listed above and in the Complaint is subject to forfeiture to the United States, as proceeds directly and indirectly traceable to drug trafficking (both facilitating and proceeds thereof). Consequently, the property is subject to forfeiture under 21 U.S.C. § 881(a)(6).

AFFIANT FURTHER SAYETH NOT

_____
Special Agent Jennifer Traud
Drug Enforcement Administration